## Hummel v. Hummel.   Breustle's Appeal.

*Costs—Distribution of proceeds of sheriff's sale—Fraud.*

The costs of an audit to distribute the proceeds of a sheriff's sale should not be imposed upon a judgment creditor who succeeds in excluding as fraudulent a judgment prior in date to his own.

Argued March 24, 1893.   Appeal, No. 253, Jan. T., 1893, by Jacob Breustle, trustee of Anna G. Meng, from order of C. P. No. 1, Phila. Co., June T., 1884, No. 470, distributing fund raised by a sheriff's sale of real estate in John M. Hummel v. Theo. A. Hummel and Andrew Meng.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to report of auditor distributing proceeds of sheriff's sale of real estate.

The distribution of the fund was referred to John Sparhawk, Jr., Esq., as auditor.   He reported that he found three liens to have been discharged by the sale, which appeared of record in the following order and amounts : (1) Judgment of John M. Hummel (this case) to No. 470, June T., 1884, C. P. No. 1, entered June 7, 1884, for $3,378.94 ; (2) mortgage of Andrew Meng to John M. Hummel, dated and recorded July 9, 1884, for $2,500 ; (3) judgment in favor of Jacob Breustle, trustee for Anna G. Meng, dated July 9, and entered July 10, 1884, for $8,145.77.

The auditor found that the first judgment was entered pending negotiations for the temporary satisfaction of Mrs. Meng's mortgage in order to let in the Hummel mortgage for $2,500, and that the concealment of the fact of the entry of this judgment was a fraud on Mrs. Meng, and that this judgment should be postponed to Mrs. Meng's judgment.   The fund for distribution after deducting costs was $6,275.23.   The auditor awarded the fund the Hummel mortgage first, after deducting one half of the costs from said mortgage, and awarded the balance to Mrs. Meng's judgment.   On the question of costs the auditor reported :

"In regard to the disposition of the costs, the auditor is of the opinion that they should be divided between the parties.

It was contended by counsel for Mrs. Meng that John M. Hummel should be held liable for all the expenses of the audit.   In view however of the fact that the fund in court could not well have been distributed except by the appointment of an auditor, such contention is in the opinion of the auditor not well founded.   As the record stands the judgment of John M. Hummel is entitled first to be paid.   For the reasons before set forth, this lien is postponed, and it will be argued that the act of John M. Hummel in recording his judgment alone made the appointment of an auditor necessary.   On the other hand, however, Mr. Hummel had a perfect right to file his judgment and to proceed thereon.   He sold the real estate of Andrew Meng, the proceeds of which are the subject of this litigation, and he had a perfect right to sell it and request the appointment of an auditor to distribute the fund.   That which he had no right to do was to be a party to a plan to induce Mrs. Meng and her trustee to satisfy their prior judgments and to conceal the fact of the entry of his judgment until it was safely moved to the head instead of the rear of the column.  Under the circumstances he may have thought this a legal act, though even according to his lights it certainly was not a creditable or a moral one. The auditor regards that he is sufficiently punished by the imposition upon him of half the costs of the audit, instead of by deducting the costs generally out of the fund before him for distribution, whereby they would fall upon Mrs. Meng alone."

Jacob Breustle, trustee, filed the following exceptions:

" 1.  Because the auditor declined to award the fund to Mrs. Meng, just as it would have been his duty to have done had not her two original judgments been satisfied of record through the fraudulent practice and scheme of John M. Hummel. [1]

" 2.  Because the auditor awarded $2,500 and interest to John M. Hummel. [2]

" 3.  Because the auditor did not award the whole fund to Mrs. Meng, on account of her judgments. [3]

" 4.  Because the auditor did not charge all the costs of the audit upon John M. Hummel." [4]

Exceptions dismissed, exceptant appealed.

*Errors assigned* were (1–4) dismissal of exceptions, quoting them.

*Joseph de F. Junkin, George Junkin* with him, for appellants.

*Richard P. White, Joseph H. McCullen* with him, for appellee.

Per Curiam, April 3, 1893 :

This was a contest over the distribution of the proceeds of the sheriff's sale of the real estate of Andrew Meng. At the time of the sale the record showed the first lien to be a judgment in favor of the plaintiff, John M. Hummel. The appellant denied the right of this judgment to participate in the fund until after the lien in favor of Mrs. Meng was fully paid; alleging that its entry pending negotiations for the temporary satisfaction of Mrs. Meng's lien in order to let in a mortgage then about to be made, and the concealment of the fact of its entry, was a fraud upon Mrs. Meng. He has succeeded in this contention. The decree excludes the judgment which was fraudulently given priority over Mrs. Meng by the concealment complained of, and makes a proper distribution. The only fault to be found with it is the disposition of the costs. These should not be borne by the appellant. The decree is reversed so far as it relates to cost, and it is now ordered that the costs be deducted from the amount awarded to John M. Hummel out of the fund, and that the appellee pay the costs of this appeal.